UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-20891

GABRIELA VERA,

    Plaintiff,

vs.

FOWLER, RODRIGUEZ, FLINT,
GRAY, MCCOY AND SULLIVAN, LLLP,

    Defendant.
_____/

# COMPLAINT

Plaintiff, Gabriela Vera, sues Defendant, Fowler, Rodriguez, Flint, Gray, McCoy and Sullivan, LLLP, as follows

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Gabriela Vera**, was and is a resident of Miami-Dade County, Florida, at all times material, and she is *sui juris*. She was an non-exempt employee of Defendants as the term "employee" is defined under the FLSA law and consents to participate in this lawsuit.

2. **Defendant, Fowler, Rodriguez, Flint, Gray, McCoy and Sullivan, LLLP**, is a Louisiana corporation that is authorized to and actually conducts business in Florida, and that is *sui juris*. It maintains an office and place of business here, in Miami-Dade County, Florida.

3. Defendant was Plaintiff's employer for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

4. This Court has jurisdiction over Plaintiff's claim FLSA claims and pendent/supplemental jurisdiction over her related Florida State law claim.

1

5.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, maintains at least one office and place of business in this District, employed the Plaintiff in this District, and because most of the actions complained of occurred within this District.

### *Common Background Facts*

6.      Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

7.      Furthermore, Defendant obtained, exchanged, and sent/received funds to and from outside of the State of Florida, regularly and routinely exchanged telephonic transmissions going into/outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise into/outside of the State of Florida.

8.      Defendant has been at all times material engaged in interstate commerce in the course of its provision of legal, litigation, counseling, and related services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce such as computers, monitors, networking equipment, copiers, printers, toner cartridges, paper, office furniture, telephones, mobile phones, and other office supplies.

9.      Defendant advertises/markets its business on the internet at http://www.frc-law.com, a domain that it registered through GoDaddy.com, LLC, a foreign corporation.

10.     Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

11. Defendant owns and operates a law firm with offices in multiple states, including in New Orleans, Louisiana; Bogota, Columbia; Houston, Texas; Mobile, Alabama; Tampa, Florida; and Miami, Florida, thereby engaging in interstate commerce.

12. Plaintiff worked for Defendant in its Miami office for approximately four years, with June 30, 2016 as her last day of work.

13. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant. These records would include the log in/out times for the computer terminal that Plaintiff used while working for Defendant.

14. Plaintiff had the title of an "Immigration Case Manager" while working for the Defendant, and she received a bi-weekly salary of $2,525.00 for most of the time that she worked.

15. Although Defendant gave Plaintiff the title of a "manager", Plaintiff did not manage, oversee, or supervise any other employees, nor did Plaintiff:

    a. Hire any other employees;

    b. Fire any other employees;

    c. Set the rate(s) of pay for any other employees;

    d. Interview any other employees;

    e. Discipline any other employees;

    f. Recommend that any other employees be hired;

    g. Recommend that any other employees be fired;

    h. Recommend that any other employees be given raises; and/or

    i. Recommend that any other employees be disciplined.

16. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her work on behalf of immigration clients located both within and outside of the State of Florida.

17. To perform her work for Defendant, Plaintiff regularly and routinely placed telephone calls, exchanged emails, transmitted electronic information, and communicated with persons located outside of the State of Florida.

18. Plaintiff also regularly and routinely sent and received items through traditional parcel carriers such as the United States Postal Service, FedEx, UPS, and/or DHL.

19. Plaintiff did not, however, was not entitled to or given the authority to utilize any discretion and/or independent judgment with respect to matters of significance and instead was required to adhere to the instructions provided to her by the attorneys for whom she worked.

20. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

21. All conditions precedent have been satisfied by Plaintiff or waived by Defendant.

22. Plaintiff attempted to resolve this matter amicably within the spirit of *Sahyers vs. Prugh, Holliday and Karatinos, P.L.* prior to filing this lawsuit, but to no avail.

**COUNT I – FLSA MINIMUM WAGE VIOLATION**

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

23. Defendant was always four (4) days behind in its payroll.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

24. Every other Friday, Defendant would circulate an email identifying the date on which its payroll closed, which was usually 4 days before the end of the pay period identified on the pay stubs.

25. Consequently, Defendant's paychecks would inaccurately identify the last day included on the payroll.

26. Plaintiff brought this discrepancy to Defendant's attention, including after she left Defendant's employ, but Defendant failed and refused to pay her for the wages she earned.

27. Defendant willfully and intentionally refused to pay Plaintiff at least a minimum wage of $7.25 per hour for each of the hours that she worked for Defendant for four days of work.

28. Defendant either recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant were not required to pay her, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff the minimum wages earned.

29. Plaintiff is entitled to a back pay award of minimum wages for all unpaid hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Gabriela Vera, demands the entry of a judgment in her favor and against Defendant, Fowler, Rodriguez, Flint, Gray, McCoy and Sullivan, LLLP, after trial by jury and as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. §216(b) and in 29 U.S.C. §260;

b. That Plaintiff recover pre-judgment interest if she is not awarded liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

   d. That the Defendant be Ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

   e. That Plaintiff recover all interest allowed by law; and

   f. Such other and further relief as the Court deems just and proper.

**COUNT II – FLORIDA MINIMUM WAGE ACT VIOLATION**

Plaintiff reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

30. The Florida Constitution provides that, "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship. Fla. Const., Art. X, §24(a).

31. The Florida Constitution, Article X, Section 24(a) ("FMWA") provides that "[a]ll working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families." *See* Fla. Const. Art. X sec. 24(1).

32. In Florida, and for the relevant time period, the minimum wage was set at $8.05 per hour.

33. Defendant was always four (4) days behind in its payroll.

6

34. Every other Friday, Defendant would circulate an email identifying the date on which its payroll closed, which was usually 4 days before the end of the pay period identified on the pay stubs.

35. Consequently, Defendant's paychecks would inaccurately identify the last day included on the payroll.

36. Plaintiff brought this discrepancy to Defendant's attention, including after she left Defendant's employ, but Defendant failed and refused to pay her for the wages she earned for four days of work.

37. Plaintiff served a pre-suit demand letter on Defendant by Certified U.S. Mail pursuant to Fla. Stat. §448.110 on February 7, 2017, thereby satisfying Fla. Stat. §448.110, but Defendant failed to tender the amount demanded or otherwise satisfy her claim within the time required.

WHEREFORE Plaintiff, Gabriela Vera, demands the entry of a judgment in her favor and against Defendant, Fowler, Rodriguez, Flint, Gray, McCoy and Sullivan, LLLP, after trial by jury and as follows:

a. That Plaintiff recover compensatory damages and an equal amount of liquidated damages as provided under the law and in the Florida Minimum Wage Act;

b. That Plaintiff recover pre-judgment interest if she is not awarded liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the Florida Minimum Wage Act;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

d. That the Defendant be Ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

   e. That Plaintiff recover all interest allowed by law; and

   f. Such other and further relief as the Court deems just and proper.

## COUNT III – FLSA OVERTIME WAGE VIOLATION

Plaintiff reincorporates and re-alleges paragraphs 1 through 22 as though set forth fully herein and further alleges as follows:

38. Defendant required, knew, and/or had reason to know that Plaintiff routinely worked approximately 60 hours per week for it.

39. Defendant willfully and intentionally failed/refused to pay Plaintiff overtime wages at a rate of time and one-half her regular rate of pay for each of the overtime hours worked during the relevant time period.

40. Defendant either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant was not required to pay her overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff of the overtime pay earned.

41. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Gabriela Vera, demands the entry of a judgment in her favor and against Defendant, Fowler, Rodriguez, Flint, Gray, McCoy and Sullivan, LLLP, after trial by jury and as follows:

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. §§216(b) and 260;

b. That Plaintiff recover pre-judgment interest if she is not awarded liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendant be Ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. That Plaintiff recover all interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 9th day of March, 2017.

      Respectfully Submitted,

      FAIRLAW FIRM
      *Counsel for Plaintiff*
      7300 N. Kendall Drive
      Suite 450
      Miami, FL 33156
      Tel:   305.230.4884
      Fax:  305.230.4844

      s/*Brian H. Pollock, Esq.*
      Brian H. Pollock, Esq.
      Fla. Bar No. 174742
      brian@fairlawattorney.com

9

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884  FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com